UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MEJIA TEXTA; JESUS RAUL TEXTA-LOPEZ, | Case Nos.: 3:26-cv-03646-RBM-JLB; 3:26-cv-03647-RBM-JLB |
| Petitioners, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, et al., | **[Doc. 1]** |
| Respondents. | |

Petitioners Eduardo Mejia Texta and Jesus Raul Texta-Lopez (together, "Petitioners") have filed a consolidated[1] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of their detention by United States Immigration and Customs Enforcement. (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

---

[1] On June 24, 2026, the Court *sua sponte* consolidated their two cases: 3:26-cv-03646-RBM-JLB, *Mejia Texta v. LaRose* (S.D. Cal. June 22, 2026), and 3:26-cv-03647-RBM-JLB, *Texta-Lopez v. LaRose* (S.D. Cal. June 22, 2026).  (*See* Doc. 6 at 1–3 (discussing the common questions of law and fact raised by the two petitions).)  Therefore, this Order **GRANTS** the Petition as to both Petitioners, Eduardo Mejia Texta and Jesus Raul Texta-Lopez.

1

## I.    BACKGROUND

Petitioners are citizens of Mexico who entered the United States as children over 20 years ago.  (Doc. 1. ¶¶ 8, 14; Doc. 6 at 2.)  Since then, they have established fixed addresses in Los Angeles, worked in construction, and developed family ties in the United States.  (*See* Doc. 6 at 2.)  On April 2, 2026, Petitioners were on their way to work when Border Patrol agents detained them during a traffic stop and transferred them to Otay Mesa Detention Center, where they remain detained.  (*Id.*)  Petitioners requested bond redeterminations, but the immigration judge denied the requests, finding that he lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.*)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioners argue that their detention violates the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1226(a), the Immigration and Nationality Act, and the Administrative Procedure Act.  (Doc. 1 ¶¶ 64–93.)  They seek immediate release.  (*See* Doc. 7 at 4–7.)  Respondents argue that one of Petitioners' arguments arises from the Fourth Amendment, which is an improper claim to bring in a habeas petition.  (Doc. 6 at 1–2.)  They otherwise do not substantively respond to the Petition, staying only that they "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases" and "do not oppose an order from this Court directing a bond hearing."  (*Id.* at 2.)

2

3:26-cv-3646-RBM-AHG

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g., Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioners were detained in April 2026, after having resided in the United States for over 20 years. (*See* Doc. 6 at 2.) Therefore, the discretionary detention procedures of § 1226 govern Petitioners' detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.    **CONCLUSION**

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioners from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioners, that Petitioners shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to

3:26-cv-3646-RBM-AHG

determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence,[2] that the noncitizens pose a danger to the community or a risk of flight.[3]

3. The Clerk of Court is directed to close this case, as well as the consolidated case 3:26-cv-03647-RBM-JLB, *Texta-Lopez v. LaRose* (S.D. Cal. June 22, 2026)

**IT IS SO ORDERED.**

DATE:  July 6, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-3646-RBM-AHG